**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ROMANA LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 26-cv-9593 |
| | ) | |
| v. | ) | |
| | ) | |
| AMAZON.COM SERVICES, LLC, | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendant. | ) | |

## COMPLAINT

NOW COMES Plaintiff, ROMANA LEWIS, by and through her counsel, Jeffrey Law Office, LLC, and complains of Defendant AMAZON.COM SERVICES, LLC, and states as follows:

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all triable issues.

## JURISDICTION & VENUE

1. This action is brought under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, et. Seq., the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., and 28 U.S.C. § 1331.

2. Venue is proper in this Court under 28 U.S.C. § 1391, as Defendant resides in this District, all of the events or omissions giving rise to these claims occurred in this District, and Plaintiff was hired, employed, harmed, and terminated by Defendant in this District.

## PARTIES

3. Plaintiff, ROMANA LEWIS ("Plaintiff"), was at all times relevant to this suit an adult female, residing in Chicago, Illinois. At all times relevant, Plaintiff was employed by Defendant in this District. Plaintiff was hired, employed, harmed, and terminated by Defendant in this District.

4. Defendant, AMAZON.COM SERVICES, LLC ("Defendant"), is a limited liability company duly organized and doing business in Illinois. It has obligations as an indemnitor of conduct of its employees and officers under at least 745 ILCS 10/2-301, *et seq.* and 745 ILCS 10/9-101, *et seq*. Defendant hired, employed, harmed, and terminated Plaintiff in this District. Defendant employs at least 15 full-time employees and therefore is a covered employer under Title VII and the ADA.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. On or about June 10, 2025, Plaintiff timely filed Charges of Discrimination alleging sex discrimination and harassment, disability discrimination, and retaliation with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 440-2025-09569 against Defendant.

6. On May 12, 2026, the EEOC issued Plaintiff a Notice of Right to Sue.

7. Therefore, Plaintiff's Complaint was filed in a timely manner; and Plaintiff has fully complied with all prerequisites to jurisdiction in this Court.

## UNDERLYING FACTS COMMON TO ALL COUNTS

8. On July 29, 2024, Plaintiff was hired as a truck stocker by Amazon, with her start date on August 24, 2024.

9. Plaintiff's sex is female. At all times relevant to this Complaint, Plaintiff was pregnant.

10. Plaintiff has a disability (Lupus), as defined by the Americans with Disabilities Act ("ADA"). Plaintiff was also suffering from a high risk pregnancy and ruptured uterus.

11. Defendant was apprised of Plaintiff's sex/pregnancy and disabilities.

12. Plaintiff performed her job satisfactorily within legitimate expectations of Defendant.

13. At all times relevant hereto, Anthony (last name unknown) was Plaintiff's direct supervisor.

14. On or about August 26, 2024, Plaintiff requested reasonable accommodation for her high-risk pregnancy, Lupus, ruptured uterus.

15. On or about September 2, 2024, she was placed with disability accommodation in Safety, but at that time the harassment started.

16. Plaintiff's new job with Safety was to wipe down tables and all the lunchrooms. After she was done cleaning the tables and the other lunchrooms, Plaintiff would go back to the main lunchroom, which is when she would have a seat and take her needed break

17. However, there would be different managers each day, sometimes twice a day, coming up to Plaintiff and asking her why she was in the lunchroom and asking who her supervisor was. The managers would do this constantly, two to three times a day.

18. Plaintiff would advise them that she was pregnant and had disability accommodation and to speak to her manager in Safety.

19. After a couple weeks of having to deal with them harassing her every shift, Plaintiff requested to be placed on medical leave, as she was constantly being harassed by the other managers on every shift asking why she is sitting down.

20. Once Safety granted Plaintiff permission to go on medical leave, she completed the necessary steps for Human Resources and her medical leave was granted.

21. On September 30, 2024, Plaintiff was placed on a medical leave of absence, due to her disability, high risk pregnancy, as she was over the age of 35 and carrying twins, had Lupus and a ruptured uterus.

22. Mid November 2024, Plaintiff started getting emails from Amazon saying that she needed to submit more documents and that her leave was not approved.

23. Plaintiff spoke with Human Resources numerous times to rectify the issue.

24. Plaintiff was told she needed to go back to work; but Plaintiff advised she could not return as she was further along in her pregnancy and extremely high risk; that she would provide all the necessary paperwork from her doctor and documentation showing Amazon had already approved her leave.

25. Nevertheless, on December 6, 2024, Plaintiff was terminated.

26. Because of Plaintiff's sex/pregnancy and her disability, Plaintiff was subjected to disparate treatment and discrimination.

27. Because Plaintiff reported sexual harassment and discrimination, exercising a right and protected activity, she was subjected to escalated disparate treatment, harassment, and ultimately terminated on or about December 6, 2024.

**COUNT I – SEX/PREGNANCY DISCRIMINATION / HARASSMENT**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e, et. Seq**

28. Plaintiff realleges and incorporates by reference and all facts and allegations in all other paragraphs of Plaintiff's Complaint as if fully set forth herein.

29. Plaintiff was qualified to perform her job and satisfactorily performed her duties and responsibilities within Defendant's legitimate expectations.

30. Defendant discriminated against Plaintiff by refusing to accommodate her desire of a safe and free non-discriminatory work place and for harassing and discriminating against her for the same, creating a hostile work environment, in violation of Title VII.

31. Defendant's harassment constitutes unlawful discrimination in direct violation of Title VII.

WHEREFORE, Plaintiff, ROMANA LEWIS, respectfully requests that this Court enter judgment in her favor and against Defendant as follows:

A. Declare, decree, and adjudge that Defendant violated Title VII;

B. Grant an injunction against Defendant from violating Title VII and to protect other employees from such violations;

C. Enter appropriate injunctive relief awarding the Plaintiff the back pay, front pay, wages, employee benefits, and other compensation that she was denied or lost and reinstating her to the position she previously held;

D. Order Defendant to pay the Plaintiff compensatory damages;

E. Award the Plaintiff pre-judgment and post-judgment interest to which she is entitled;

F. Award the Plaintiff her reasonable attorney's fees and costs; and

G. Award such other and further relief as it is just and appropriate, including nominal damages.

**COUNT II – RETALIATION**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e, et. Seq**

32. Plaintiff realleges and incorporates by reference and all facts and allegations in all other paragraphs of Plaintiff's Complaint as if fully set forth herein.

33. It is an unlawful employment practice for an employer to fail or refuse to hire, refuse to promote, or to discharge any individual, or otherwise to discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment, for engaging in a protected activity.

34. Plaintiff, as a female, who is pregnant, is a member of a protected class under Title VII.

35. Plaintiff engaged in a Title VII protected activity by reporting discriminatory acts by Defendant.

36. Defendant knowingly and intentionally engaged in harassment of Plaintiff by creating an intolerable, hostile work environment for Plaintiff, including terminating her due to discriminatory and retaliatory reasons.

37. Defendant's decision to discriminate and retaliate against Plaintiff was solely motivated by the fact that she reported harassment and discrimination.

38. Defendant would not have retaliated against Plaintiff had she not reported the harassment and discrimination. The retaliation against Plaintiff directly impacted her terms and conditions of employment with Defendant.

39. Defendant's retaliation against Plaintiff constitutes unlawful harassment and discrimination in direct violation of Title VII.

40. As a direct and proximate result of Defendant's unlawful and willful violations, Plaintiff has suffered economic and non-economic damages, including but not limited to loss of wages, emotional distress, damaged reputation, humiliation, anguish and outrage.

WHEREFORE, Plaintiff, ROMANA LEWIS, respectfully requests that this Court enter judgment in her favor and against Defendant as follows:

A. Declare, decree, and adjudge that Defendant violated Title VII;

B. Grant an injunction against Defendant from violating Title VII and to protect other employees from such violations;

C. Enter appropriate injunctive relief awarding the Plaintiff the back pay, front pay, wages, employee benefits, and other compensation that she was denied or lost and reinstating her to the position she previously held;

D. Order Defendant to pay the Plaintiff compensatory damages;

E. Award the Plaintiff pre-judgment and post-judgment interest to which she is entitled;

F. Award the Plaintiff her reasonable attorney's fees and costs; and

G. Award such other and further relief as it is just and appropriate, including nominal damages.

**COUNT III — DISCRIMINATION / RETALIATION**
**AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12101, et. seq.**

41. Plaintiff incorporates by reference and restates herein by express reference all other paragraphs of this Complaint.

42. Defendant is an employer, as defined by the ADA.

43. Plaintiff has been diagnosed with disabilities protected by the ADA.

44. Plaintiff satisfied the prerequisites of and was qualified to perform the essential functions of her job with or without reasonable accommodation.

45. The ADA prohibits discrimination against a qualified individual with a disability because of the disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment. See 42 U.S.C. § 12112(a).

46. Nevertheless, Defendant discriminated and retaliated against Plaintiff because she suffered from the aforementioned disabilities.

47. Similarly situated employees without a disability were treated more favorably by Defendant.

48. Therefore, Plaintiff suffered an adverse employment action by Defendant because of her disability.

49. Defendant's discrimination constitutes unlawful discrimination in direct violation of the ADA.

WHEREFORE, Plaintiff, ROMANA LEWIS, respectfully requests that this Court enter judgment in her favor and against the Defendant as follows:

A. Declare, decree, and adjudge that the Defendant violated ADA;

B. Grant an injunction against the Defendant from violating ADA and to protect other employees with disabilities from such Civil Rights violations;

C. Enter appropriate injunctive relief awarding the Plaintiff the back pay, front pay, wages, employee benefits, and other compensation that she was denied or lost and reinstating her to the position she previously held;

D. Order the Defendant to pay the Plaintiff compensatory and punitive damages;

E. Award the Plaintiff pre-judgment and post-judgment interest to which she is entitled;

F. Award the Plaintiff her reasonable attorney's fees and costs; and

G. Award such other and further relief as it is just and appropriate, including nominal damages.

Dated: August 10, 2025

__/s Antonio L. Jeffrey______
Attorney for Plaintiff

JEFFREY LAW OFFICE, LLC
Antonio L. Jeffrey (#6308345)
1301 W. 22nd Street, Suite 308
Oak Brook, Illinois 60523
(312) 583-7072
(312) 583-0888 (fax)
ajeffrey@jeffreylawoffice.com