**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ROMANA LEWIS,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM SERVICES, LLC,<br><br>Defendant. | Case No. 1:26-cv-09593<br><br>Judge Joan H. Lefkow<br>Magistrate Judge Beth W. Jantz |

**<u>DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT</u>**

Defendant Amazon.com Services LLC[1] ("Defendant" or "Amazon"), by and through its undersigned counsel, hereby submits its Answer and Affirmative Defenses to the Complaint filed by Plaintiff Romana Lewis ("Plaintiff" or "Lewis").

**<u>JURISDICTION & VENUE</u>**

1. This action is brought under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, et. Seq. [*sic*], the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., and 28 U.S.C. § 1331.

**<u>RESPONSE:</u>** Amazon admits that Lewis purports to assert claims against Amazon under Title VII and the ADA. Amazon denies the remaining allegations in Paragraph 1 of the Complaint.

2. Venue is proper in this Court under 28 U.S.C. § 1391, as Defendant resides in this District, all of the events or omissions giving rise to these claims occurred in this District, and Plaintiff was hired, employed, harmed, and terminated by Defendant in this District.

**<u>RESPONSE:</u>** Amazon admits that venue is proper before this Court and that Amazon hired Lewis, employed her, and terminated her employment. Amazon denies the remaining allegations in Paragraph 2 of the Complaint.

[1] The name of Defendant Amazon.com Services LLC does not contain a comma.

## PARTIES

3. Plaintiff, ROMANA LEWIS ("Plaintiff'), was at all times relevant to this suit an adult female, residing in Chicago, Illinois. At all times relevant, Plaintiff was employed by Defendant in this District. Plaintiff was hired, employed, harmed, and terminated by Defendant in this District.

**RESPONSE:** Amazon admits that Lewis is an adult, female resident of Chicago, Illinois and that Amazon hired, employed, and terminated Lewis. Amazon denies the remaining allegations in Paragraph 3 of the Complaint.

4. Defendant, AMAZON.COM SERVICES, LLC ("Defendant"), is a limited liability company duly organized and doing business in Illinois. It has obligations as an indemnitor of conduct of its employees and officers under at least 745 ILCS 10/2-301, *et seq.* and 745 ILCS 10/9-101, *et seq.* Defendant hired, employed, harmed, and terminated Plaintiff in this District. Defendant employs at least 15 full-time employees and therefore is a covered employer under Title VII and the ADA.

**RESPONSE:** Amazon admits that it is a limited liability company that conducts business in Illinois, employs at least 15 full-time employees, and is a covered employer under Title VII and the ADA. Amazon further admits that it hired, employed, and terminated Lewis. Amazon denies the remaining allegations in Paragraph 4 of the Complaint.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. On or about June 10, 2025, Plaintiff timely filed Charges of Discrimination alleging sex discrimination and harassment, disability discrimination, and retaliation with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 440-2025-09569 [*sic*] against Defendant.

**RESPONSE:** Amazon admits that Lewis filed a Charge of Discrimination ("Charge"), Charge No. 440-2025-08569, against Amazon with the EEOC alleging sex discrimination and harassment, disability discrimination, and retaliation. Amazon denies the remaining allegations in Paragraph 5 of the Complaint.

6. On May 12, 2026, the EEOC issued Plaintiff a Notice of Right to Sue.

**RESPONSE:** Amazon admits the allegations in Paragraph 6 of the Complaint.

7. Therefore, Plaintiffs Complaint was filed in a timely manner; and Plaintiff has fully complied with all prerequisites to jurisdiction in this Court.

**RESPONSE:** Amazon lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7 of the Complaint.

## UNDERLYING FACTS COMMON TO ALL COUNTS

8. On July 29, 2024, Plaintiff was hired as a truck stocker by Amazon, with her start date on August 24, 2024.

**RESPONSE:** Amazon admits that on or about August 1, 2024, Lewis was offered a position as a temporary Warehouse Associate and that her start date was on or about August 10, 2024. Amazon denies the remaining allegations in Paragraph 8 of the Complaint.

9. Plaintiff's sex is female. At all times relevant to this Complaint, Plaintiff was pregnant.

**RESPONSE:** Amazon admits that Lewis's sex is female. Amazon lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 9 of the Complaint.

10. Plaintiff has a disability (Lupus), as defined by the Americans with Disabilities Act ("ADA"). Plaintiff was also suffering from a high risk pregnancy and ruptured uterus.

**RESPONSE:** Amazon states that whether Lewis has a disability under the ADA is a legal conclusion to which no response is required. To the extent that a response is required, Amazon denies this allegation. Amazon lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 10 of the Complaint.

11. Defendant was apprised of Plaintiff's sex/pregnancy and disabilities.

**RESPONSE:** Amazon admits that Lewis apprised Amazon that she was female and pregnant, and that Lewis self-identified in June 2024 prior to her hire as allegedly having a

disability or previously having a disability. Amazon denies the remaining allegations in Paragraph 11 of the Complaint.

12. Plaintiff performed her job satisfactorily within legitimate expectations of Defendant.

**RESPONSE:** Amazon denies the allegations in Paragraph 12 of the Complaint.

13. At all times relevant hereto, Anthony (last name unknown) was Plaintiff's direct supervisor.

**RESPONSE:** Amazon admits that Anthony Kuchenny was Lewis's direct supervisor during her employment. Amazon denies the remaining allegations in Paragraph 13 of the Complaint.

14. On or about August 26, 2024, Plaintiff requested reasonable accommodation for her high-risk pregnancy, Lupus, ruptured uterus.

**RESPONSE:** Amazon admits that Lewis requested accommodation for her pregnancy on August 31, 2024, but did not inform Amazon that she was suffering from a high-risk pregnancy, Lupus, or a ruptured uterus. Amazon denies the remaining allegations in Paragraph 14 of the Complaint.

15. On or about September 2, 2024, she was placed with disability accommodation [*sic*] in Safety, but at that time the harassment started.

**RESPONSE:** Amazon admits that, in or about early September 2024, Amazon granted Lewis an accommodation by placing her in a reassigned role with its Safety team. Amazon denies the remaining allegations in Paragraph 15 of the Complaint.

16. Plaintiff's new job with Safety was to wipe down tables and all the lunchrooms. After she was done cleaning the tables and the other lunchrooms, Plaintiff would go back to the main lunchroom, which is when she would have a seat and take her needed break.

**RESPONSE:** Amazon admits that Lewis's role included cleaning responsibilities during her placement with the Safety team. Amazon further admits that it granted accommodations to

Lewis that included, without limitation, providing her with frequent breaks. Amazon lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 16 of the Complaint.

17. However, there would be different managers each day, sometimes twice a day, coming up to Plaintiff and asking her why she was in the lunchroom and asking who her supervisor was. The managers would do this constantly, two to three times a day.

**RESPONSE:** Amazon denies the allegations in Paragraph 17 of the Complaint.

18. Plaintiff would advise them that she was pregnant and had disability accommodation [*sic*] and to speak to her manager in Safety.

**RESPONSE:** Amazon lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18 of the Complaint.

19. After a couple weeks of having to deal with them harassing her every shift, Plaintiff requested to be placed on medical leave, as she was constantly being harassed by the other managers on every shift asking why she is sitting down.

**RESPONSE:** Amazon admits that Lewis requested a medical leave of absence. Amazon denies the remaining allegations in Paragraph 19 of the Complaint.

20. Once Safety granted Plaintiff permission to go on medical leave, she completed the necessary steps for Human Resources and her medical leave was granted.

**RESPONSE:** Amazon denies the allegations in Paragraph 20 of the Complaint.

21. On September 30, 2024, Plaintiff was placed on a medical leave of absence, due to her disability, high risk pregnancy, as she was over the age of 35 and carrying twins, had Lupus and a ruptured uterus.

**RESPONSE:** Amazon admits that Lewis requested a medical leave of absence on September 30, 2024. Amazon denies the remaining allegations in Paragraph 21 of the Complaint.

22. Mid November 2024, Plaintiff started getting emails from Amazon saying that she needed to submit more documents and that her leave was not approved.

**RESPONSE:** Amazon admits that, during November 2024, Amazon requested that Lewis submit documentation to support her leave request, and that Amazon informed Lewis on November 19, 2024 that her leave request was denied due to failing to timely submit requested documentation. Amazon denies the remaining allegations in Paragraph 22 of the Complaint.

23. Plaintiff spoke with Human Resources numerous times to rectify the issue.

**RESPONSE:** Amazon admits that Lewis discussed her requested leave with members of Amazon's Disability & Leave Services ("DLS") team in several instances. Amazon denies the remaining allegations in Paragraph 23 of the Complaint.

24. Plaintiff was told she needed to go back to work; but Plaintiff advised she could not return as she was further along in her pregnancy and extremely high risk; that she would provide all the necessary paperwork from her doctor and documentation showing Amazon had already approved her leave.

**RESPONSE:** Amazon admits that it extended Lewis's deadline from November 7, 2024 to November 17, 2024 to submit supporting documentation for her requested leave after Lewis advised Amazon that she intended to speak with her doctor about the documentation requirement and that she unable to return to work due to risks in her pregnancy. Amazon further admits that, due to Lewis's failure to submit supporting documentation by the November 17, 2024 deadline, Amazon denied her request for unpaid leave from September 30, 2024 through November 18, 2024 and cancelled her request for unpaid leave from November 19, 2024 through June 6, 2025. Amazon denies the remaining allegations in Paragraph 24 of the Complaint.

25. Nevertheless, on December 6, 2024, Plaintiff was terminated.

**RESPONSE:** Amazon admits that Lewis's employment was terminated on December 6, 2024. Amazon denies the remaining allegations in Paragraph 25 of the Complaint.

26. Because of Plaintiff's sex/pregnancy and her disability, Plaintiff was subjected to disparate treatment and discrimination.

**RESPONSE:** Amazon denies the allegations in Paragraph 26 of the Complaint.

27. Because Plaintiff reported sexual harassment and discrimination, exercising a right and protected activity, she was subjected to escalated disparate treatment, harassment, and ultimately terminated on or about December 6, 2024.

**RESPONSE:** Amazon admits that it terminated Lewis's employment on December 6, 2024. Amazon denies the remaining allegations in Paragraph 27 of the Complaint.

**COUNT I - SEX/PREGNANCY DISCRIMINATION / HARASSMENT**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e, et. Seq**

28. Plaintiff realleges and incorporates by reference and all facts and allegations in all other paragraphs of Plaintiff's Complaint as if fully set forth herein.

**RESPONSE:** Amazon restates and incorporates by reference its Answers to Paragraphs 1-27 of the Complaint as its Answer to Paragraph 28 of the Complaint.

29. Plaintiff was qualified to perform her job and satisfactorily performed her duties and responsibilities within Defendant's legitimate expectations.

**RESPONSE:** Amazon denies the allegations in Paragraph 29 of the Complaint.

30. Defendant discriminated against Plaintiff by refusing to accommodate her desire of a safe and free non-discriminatory work place and for harassing and discriminating against her for the same, creating a hostile work environment, in violation of Title VII.

**RESPONSE:** Amazon denies the allegations in Paragraph 30 of the Complaint.

31. Defendant's harassment constitutes unlawful discrimination in direct violation of Title VII.

**RESPONSE:** Amazon denies the allegations in Paragraph 31 of the Complaint.

WHEREFORE, Plaintiff, ROMANA LEWIS, respectfully requests that this Court enter judgment in her favor and against Defendant as follows:

A. Declare, decree, and adjudge that Defendant violated Title VII;

B. Grant an injunction against Defendant from violating Title VII and to protect other employees from such violations;

C. Enter appropriate injunctive relief awarding the Plaintiff the back pay, front pay, wages, employee benefits, and other compensation that she was denied or lost and reinstating her to the position she previously held;

D. Order Defendant to pay the Plaintiff compensatory damages;

E. Award the Plaintiff pre-judgment and post-judgment interest to which she is entitled;

F. Award the Plaintiff her reasonable attorney's fees and costs; and

G. Award such other and further relief as it is just and appropriate, including nominal damages.

**RESPONSE:** Amazon admits that Lewis seeks the relief stated in the foregoing paragraph but denies that Lewis is entitled to any relief whatsoever, including, but not limited to, the requested relief.

**COUNT II – RETALIATION**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. 4 2000e, et. Seq**

32. Plaintiff realleges and incorporates by reference and all facts and allegations in all other paragraphs of Plaintiff's Complaint as if fully set forth herein.

**RESPONSE:** Amazon restates and incorporates by reference its Answers to Paragraphs 1-31 of the Complaint as its Answer to Paragraph 32 of the Complaint.

33. It is an unlawful employment practice for an employer to fail or refuse to hire, refuse to promote, or to discharge any individual, or otherwise to discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment, for engaging in a protected activity.

**RESPONSE:** Amazon admits that Lewis accurately describes a portion of Title VII. Amazon denies any remaining allegations in Paragraph 33 of the Complaint.

34. Plaintiff, as a female, who is pregnant, is a member of a protected class under Title VII.

**RESPONSE:** Amazon admits that Lewis is a female and that she was a member of a protected class under Title VII while she worked at Amazon. Amazon lacks knowledge or

information sufficient to form a belief about the truth of Lewis's allegation that she is pregnant. Amazon denies any remaining allegations in Paragraph 34 of the Complaint.

35. Plaintiff engaged in a Title VII protected activity by reporting discriminatory acts by Defendant.

**RESPONSE:** Amazon lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35 of the Complaint.

36. Defendant knowingly and intentionally engaged in harassment of Plaintiff by creating an intolerable, hostile work environment for Plaintiff, including terminating her due to discriminatory and retaliatory reasons.

**RESPONSE:** Amazon denies the allegations in Paragraph 36 of the Complaint.

37. Defendant's decision to discriminate and retaliate against Plaintiff was solely motivated by the fact that she reported harassment and discrimination.

**RESPONSE:** Amazon denies the allegations in Paragraph 37 of the Complaint.

38. Defendant would not have retaliated against Plaintiff had she not reported the harassment and discrimination. The retaliation against Plaintiff directly impacted her terms and conditions of employment with Defendant.

**RESPONSE:** Amazon denies the allegations in Paragraph 38 of the Complaint.

39. Defendant's retaliation against Plaintiff constitutes unlawful harassment and discrimination in direct violation of Title VII.

**RESPONSE:** Amazon denies the allegations in Paragraph 39 of the Complaint.

40. As a direct and proximate result of Defendant's unlawful and willful violations, Plaintiff has suffered economic and non-economic damages, including but not limited to loss of wages, emotional distress, damaged reputation, humiliation, anguish and outrage.

**RESPONSE:** Amazon denies the allegations in Paragraph 40 of the Complaint.

WHEREFORE, Plaintiff, ROMANA LEWIS, respectfully requests that this Court enter judgment in her favor and against Defendant as follows:

A. Declare, decree, and adjudge that Defendant violated Title VII;

B. Grant an injunction against Defendant from violating Title VII and to protect other employees from such violations;

C. Enter appropriate injunctive relief awarding the Plaintiff the back pay, front pay, wages, employee benefits, and other compensation that she was denied or lost and reinstating her to the position she previously held;

D. Order Defendant to pay the Plaintiff compensatory damages;

E. Award the Plaintiff pre-judgment and post-judgment interest to which she is entitled;

F. Award the Plaintiff her reasonable attorney's fees and costs; and

G. Award such other and further relief as it is just and appropriate, including nominal damages.

**RESPONSE:** Amazon admits that Lewis seeks the relief stated in the foregoing paragraph but denies that Lewis is entitled to any relief whatsoever, including, but not limited to, the requested relief.

**COUNT III - DISCRIMINATION / RETALIATION**
**AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12101, et. seq.**

41. Plaintiff incorporates by reference and restates herein by express reference all other paragraphs of this Complaint.

**RESPONSE:** Amazon restates and incorporates by reference its Answers to Paragraphs 1-40 of the Complaint as its Answer to Paragraph 41 of the Complaint.

42. Defendant is an employer, as defined by the ADA.

**RESPONSE:** Amazon admits the allegations in Paragraph 42 of the Complaint.

43. Plaintiff has been diagnosed with disabilities protected by the ADA.

**RESPONSE:** Amazon lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 43 of the Complaint.

44. Plaintiff satisfied the prerequisites of and was qualified to perform the essential functions of her job with or without reasonable accommodation.

**RESPONSE:** Amazon denies the allegations in Paragraph 44 of the Complaint.

45. The ADA prohibits discrimination against a qualified individual with a disability because of the disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment. See 42 U.S.C. § 12112(a).

**RESPONSE:** Amazon admits that Lewis accurately describes a portion of the ADA. Amazon denies any remaining allegations in Paragraph 45 of the Complaint.

46. Nevertheless, Defendant discriminated and retaliated against Plaintiff because she suffered from the aforementioned disabilities.

**RESPONSE:** Amazon denies the allegations in Paragraph 46 of the Complaint.

47. Similarly situated employees without a disability were treated more favorably by Defendant.

**RESPONSE:** Amazon denies the allegations in Paragraph 47 of the Complaint.

48. Therefore, Plaintiff suffered an adverse employment action by Defendant because of her disability.

**RESPONSE:** Amazon denies the allegations in Paragraph 48 of the Complaint.

49. Defendant's discrimination constitutes unlawful discrimination in direct violation of the ADA.

**RESPONSE:** Amazon denies the allegations in Paragraph 49 of the Complaint.

WHEREFORE, Plaintiff, ROMANA LEWIS, respectfully requests that this Court enter judgment in her favor and against the Defendant as follows:

A. Declare, decree, and adjudge that the Defendant violated ADA;

B. Grant an injunction against the Defendant from violating ADA and to protect other employees with disabilities from such Civil Rights violations;

C. Enter appropriate injunctive relief awarding the Plaintiff the back pay, front pay, wages, employee benefits, and other compensation that she was denied or lost and reinstating her to the position she previously held;

D. Order the Defendant to pay the Plaintiff compensatory and punitive damages;

E. Award the Plaintiff pre-judgment and post-judgment interest to which she is entitled;

F. Award the Plaintiff her reasonable attorney's fees and costs; and

G. Award such other and further relief as it is just and appropriate, including nominal damages.

**RESPONSE:** Amazon admits that Lewis seeks the relief stated in the foregoing paragraph but denies that Lewis is entitled to any relief whatsoever, including, but not limited to, the requested relief.

## JURY DEMANDED ON ALL COUNTS

**RESPONSE:** Amazon admits that Lewis demands a trial by jury but denies that Lewis is entitled to have a jury decide all of her claims.

## AFFIRMATIVE DEFENSES

Amazon asserts the following affirmative defenses without conceding that it bears the burden of proof as to any of the following affirmative defenses. Amazon reserves the right to assert such additional defenses that may appear and prove applicable during the course of this litigation.

1. Lewis's claims are barred to the extent that they are beyond the scope of her underlying Charge.

2. Lewis's claims are barred, in whole or in part, because she fails to state a claim upon which relief can be granted.

3. Lewis's claims are barred to the extent that she has failed to exhaust her administrative remedies and/or satisfy jurisdictional requirements.

4. Amazon exercised reasonable care to prevent and promptly correct any allegedly discriminatory, retaliatory, or harassing conduct by, among other things, maintaining, implementing, and enforcing policies in the workplace against discrimination, harassment, and

retaliation, providing regular training to supervisors and managers regarding Amazon's policies against discrimination, retaliation, and harassment, making its policies against discrimination, retaliation, and harassment accessible to Lewis and other employees, encouraging employees to report inappropriate conduct, investigating reports of inappropriate conduct, and taking steps to correct such conduct if and when it occurs. Lewis unreasonably failed to take advantage of all of these preventive and corrective opportunities or to avoid harm otherwise.

5. Amazon denies that it was motivated by any impermissible motive in any decision or actions concerning Lewis, but it affirmatively pleads that it would have made the same decisions or taken the same actions in the absence of any impermissible motive.

6. Amazon denies that any of its employees or agents, acting within the course and scope of their employment or agency, violated any statute, regulation, constitutional provision, common law or public policy or caused any damage or injury to Lewis. Any unlawful conduct allegedly engaged in by Amazon's employees, supervisory or otherwise, was outside the scope of their employment, contrary to Amazon's policies, and was not ratified, confirmed, or approved by Amazon.

7. Amazon acted at all times in good faith and consistently maintained, implemented, and enforced its workplace policies against discrimination, retaliation, and harassment, and otherwise exercised reasonable care to prevent and correct promptly any claims of discrimination, retaliation, or harassment.

8. Amazon cannot be liable for punitive damages to Lewis, including without limitation, because any wrongful conduct that Lewis may prove to have suffered was contrary to Amazon's good-faith efforts to comply with the law and prevent discrimination, harassment and retaliation in the workplace, and because Amazon did not act with malice or reckless indifference

to Lewis's legally protected rights. This includes, without limitation, that Amazon has policies against discrimination, harassment and retaliation.

9. Lewis's claims are barred or diminished to the extent she has failed to mitigate or minimize her damages.

10. Amazon has acted at all times in good faith toward Lewis and had reasonable grounds to believe that its actions and omissions, if any, were not a violation of the ADA and/or Title VII.

11. To the extent during the course of this litigation Amazon acquires any evidence of additional wrongdoing by Lewis, which wrongdoing would have materially affected the terms and conditions of Lewis's employment or would have resulted in Lewis either being demoted, disciplined, or terminated, such after acquired evidence shall bar Lewis on liability or damages or shall reduce any right to relief as provided by law.

12. Lewis's claims are barred, in whole or in part, and/or recovery is precluded or limited because any conduct of Amazon was not willful, wanton, reckless and/or malicious.

13. Lewis's claims are barred, in whole or in part, to the extent any accommodation she was requesting and/or needed would pose an undue hardship on Amazon.

## CONCLUSION

**WHEREFORE**, Amazon respectfully requests that this Court dismiss Lewis's Complaint with prejudice, enter judgment in favor of Amazon, and award Amazon its costs, including reasonable attorneys' fees and such other relief as this Court may deem just and appropriate.

Dated: October 2, 2026

Respectfully submitted,

*/s/ Jill S. Vorobiev*

Jill S. Vorobiev (6237734)
Derek S. Franklin (6335883)
MORGAN, LEWIS & BOCKIUS LLP
110 N. Wacker Drive, Suite 2800
Chicago, Illinois 60606
Tel.: (312) 324-1000
jill.vorobiev@morganlewis.com
derek.franklin@morganlewis.com

*Counsel for Defendant Amazon.com Services LLC*